IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| **HENRY R. JONES, JR.,**         )<br>                                                          )<br>            Petitioner,                  )<br>                                                          )<br>**vs.**                                                )<br>                                                          )<br>**L. DANIELS and THE ATTORNEY** )<br>**GENERAL OF THE STATE OF**       )<br>**ALABAMA,**                                 )<br>                                                          )<br>            Respondents.              ) | Civil Action Number<br>**3:10-cv-02138-SLB-JEO** |

### MEMORANDUM OPINION

Petitioner Henry R. Jones, Jr. is incarcerated in a State of Alabama Correctional facility following his conviction for felony murder in the Circuit Court of Franklin County.  He has filed a petition for a writ of habeas corpus.  *See* 28 U.S.C. § 2254. (Doc. 1).  After preliminary review, the magistrate judge assigned this case issued a report and recommendation finding that the petition was due to be denied and dismissed with prejudice because the claims are procedurally defaulted or without merit.  (Doc. 11).  Jones filed various objections to the magistrate judge's determination.  (Doc. 13).

### BACKGROUND

Jones filed the instant habeas petition alleging seven grounds for relief:

      1.    His trial counsel was ineffective by failing to object when the trial court provided additional instructions to the jury in Jones's absence, denying him due process;

      2.    His trial counsel was ineffective in failing to investigate two witnesses and prepare for trial;

      3.    His trial counsel was ineffective in failing to object when the prosecution elicited prejudicial answers from a jury venire member who tainted the jury;

      4.    The trial court erred in allowing the State to admit prior bad acts into evidence without prior notice to Jones;

      5.    The trial court erred in allowing the State to introduce irrelevant and prejudicial prior bad acts into evidence so as to establish intent and/or motive;

      6.    The evidence was insufficient to support Jones's conviction of felony murder; and,

      7.    The trial court erred in refusing to admit the proffered testimony of Jones's trial counsel at trial.

(Doc. 1). In a lengthy Report and Recommendation, the magistrate judge found that claims 1, 2 and 3 are due to be denied on the merits and claims 4, 5, 6 and 7 are procedurally defaulted and the purported disability of Jones's counsel will not save them.[1] (Doc. 11).

The petitioner first objects that although he cannot show when his counsel's "ongoing and worstening [sic] sickness" became "grave," "the possibility or probability still exists that this attorney was not healthy enough nor capable of pursuing probable defenses when worrying about his health." (Doc. 13 at 2). On this matter, the magistrate judge found as follows:

> . . . Jones has not presented any evidence indicating that his counsel was disabled at the time he should have petitioned the Alabama Supreme Court for certiorari review in late March and early April 2008. The Alabama Court of Criminal Appeals affirmed the felony-murder conviction on March 21, 2008, and Jones had 14 days from that date to petition the Alabama Supreme Court for certiorari review. The documentation Jones produced shows only that his counsel had an episode of Bell's palsy prior to the trial in December <u>2006</u>, and that the Alabama State Bar moved his counsel to disability inactive status in the spring of <u>2009</u> due to a stroke. However, the record, particularly the trial transcript, demonstrates that counsel effectively represented the petitioner during the intervening period. (See Doc. 10 (Ex. M)).

(Doc. 11 at 11-12 (footnote omitted)). Petitioner has offered nothing new to refute these factual findings or the conclusion of the magistrate judge. Accordingly, his objection is without merit.

---

[1] The magistrate judge also noted that claims 4, 5, 6 and 7 would be due to be dismissed on the merits even if they were not procedurally defaulted. (Doc. 11 at 12, n. 5).

Petitioner also asserts that the court should permit him to "re-assert" his arguments of actual innocence and a miscarriage of justice. (Doc. 13 at 3-4). Specifically, he notes that the evidence of his guilt is insufficient due to a "lack of cooberated [sic] evidences [sic] proving [he] could not have possibly committed this offense without leaving a hint or clue, to include D.N.A. or other scientific evidence on or about the body of the victim." (*Id*. at 4). To avoid a procedural bar, a habeas petitioner asserting actual innocence must show that his conviction "probably resulted" from "a constitutional violation." *Schlup v. Delo*, 513 U.S. 298, 327, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995). Petitioner can meet this standard by presenting new evidence that shows "that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 327, 115 S. Ct. 851. This petitioner has failed to do. Additionally, there is nothing new in the record demonstrating that he is actually innocent. This objection, therefore, is without merit.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and petitioner's objections, the court is of the opinion that the magistrate judge's report is due to be adopted and approved. The court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of the court. In accord with the recommendation, this petition for writ of habeas corpus is due to be dismissed with prejudice. An appropriate order will be entered.

**DONE**, this 5th day of September, 2012.

                                                             */s/ Sharon Lovelace Blackburn*
                                                             SHARON LOVELACE BLACKBURN
                                                             CHIEF UNITED STATES DISTRICT JUDGE